**MADDEN & MADDEN**
**Timothy R. Bieg, Esquire  ID 024112005**
A Professional Corporation
108 Kings Highway East - Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033
(856)428-9520
Attorneys for Defendant, Monroe Township Police

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| CHARLENE M. GARLIC<br><br>      Plaintiff(s)<br><br>vs.<br><br>MONROE TOWNSHIP POLICE DEPARTMENT, ET ALS.<br><br>      Defendant(s) | CIVIL ACTION NO.:<br>1:23-cv-02765-CPO-EAP<br><br><br><br>**DEFENDANT, MONROE TOWNSHIP POLICE DEPARTMENT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, the Monroe Township Police Department (the "Answering Defendant") hereby responds to the Complaint of Plaintiff, Charlene M. Garlic ("Plaintiff") as follows:

### RESPPONSE TO COMPLAINT AND NARRATIVE
**(Page three of five, Document 1, filed 5/22/23)**

Defendant denies the allegations of these paragraphs to the extent it infers or implies that this Answering Defendant is liable to Plaintiff.  In terms of the specific allegations unrelated to this Answering Defendant, Plaintiff is left to her proofs.

### Count One
### Defamation of Character

Denied.

**Count Two**
**Violation of Civil Rights**

Denied.

**Count Three**
**Malicious Intent**

Denied.

**Count Four**
**Abuse of Power**

Denied.

**Count Five**
**Mental Abuse**

Denied.

**Count Six**
**Vicious Malice Intent**

Denied.

**Count Seven**
**False Police Reports**

Denied.

**Count Eight**
**Ethnic Intimation**

Denied.

**Count Nine**
**Ethnic Bias**

Denied.

**Count Ten**
**Unlawful Captive**

Denied.

**Count Eleven**
**Kidnapping**

Denied.

## Count Twelve
## False Reports to hold Captive

Denied.

## Count Thirteen
## Conspiracy

Denied.

## Count Fourteen
## False Imprisonment

Denied.

## Count Fifteen
## Fraud

Denied.

## SEPARATE DEFENSES

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiffs have not been deprived of any rights guaranteed them under the Constitution and laws of the United States or New Jersey by the alleged acts or omissions by the answering Defendant.

3. No conduct on the part of the answering Defendant was the proximate cause of any injury or damage that the plaintiffs allegedly suffered.

4. Plaintiffs' Complaint must be dismissed because at all times relevant to the allegations contained therein, the answering Defendants acted properly and within the scope of their duties and responsibilities.

5. Answering Defendants are entitled to qualified immunity from damages.

6. Answering Defendants did not know, and could not have been reasonably expected to know, that any action taken by Defendants with respect to plaintiffs were in violation of plaintiffs' constitutional rights, and accordingly , Defendants are immune from liability.

7. Plaintiffs' claims are barred under applicable statutes of limitation periods established by law.

8. All plaintiffs' state law claims are barred by their failure to comply with the notice provisions of the Tort Claims Act , N.J.S.A. 59:8-8.

9. Answering Defendants plead the immunities provided by N.J.S.A. 59:2-1, all other applicable Tort Claims Act immunities, including but not limited to sections 2-2,3,6,7, 1O; sections 3-1,2,7; 4-1,2,3,4,5,6,7,8,9 ; 5-1,2,4,5,6; 6-1,2,3,4,5,6,7 8-3,4,5,6,7,8,10; 9-3, 9-4 and 9-6.

10. The action is subject to the limitations set forth  N.J.S.A.  59:9-2(c) and (d), and N.J.S.A. 10:6-1, et seq., including but not limited to the limitations on awards for pain and suffering and punitive damages.

11. Plaintiffs were contributorily negligent, and that negligence was the proximate cause of any injuries sustained and the answering Defendants are entitled to a reduction of any award of damages pursuant to the provisions of N.J.S.A. 59:9-4 and other applicable provisions of the Tort Claims Act, N.J .S.A. 59:1-1, et seq.

12. Answering Defendants plead the immunity provided by N.J.S.A. 59:3-3 and N.J.S.A. 10:6-1, et seq.for actions taken in good faith in the enforcement of the law.

13. Answering Defendants plead the immunity provided by N.J.S.A. 59:3-3 and N.J.S.A. 10:6-1, et seq. for actions taken in good faith in the enforcement of the law.

14. Answering Defendants, as public employees, are immune from liability because the claim arises out  the exercise of judgment  or discretion vested in them pursuant to N.J.S.A. 2A:59:3-2(a) .

15. Answering Defendants, as police officers enforcing the law, are immune from liability to N.J.S.A. 59:9-2(d).

16. Answering Defendants plead all those defenses that would be permissible to Defendants in accordance with common law.

17. Answering Defendants plead all those statutory defense permissible in accordance with the New Jersey Criminal Code.

18. The Complaint is barred by the doctrine of comparative negligence in that the negligence of the plaintiffs were greater than the negligence of the Defendants or greater than the combined negligence of the persons against whom recovery is sought , pursuant to N.J.S.A. 59:9-4 and N.J.S.A. 2A:15-5.3 .

19. Answering Defendants deny that any of their actions were willful, wanton, malicious, or reckless.

20. Plaintiffs were cognizant and aware of all acts, circumstances and conditions existing, and consented to, permitted, acquiesced and/or voluntarily assumed the risks arising there from and attendant thereto.

21. At all relevant times, the answering Defendants conducted themselves in full compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, which compliance bars plaintiffs from asserting the claims herein.

22. At the time and place alleged in the Complaint, the answering Defendants violated no legal duty and there owing to the plaintiffs.

23. The claims of the plaintiffs lack merit and is friv olous in nature. Answering Defendants hereby reserve the right to institute a subsequent claim for abuse of process and of the institution of frivolous lawsuit, subject to the dismissal of the instant claim of the plaintiffs.

24. In the event the answering Defendants are determined to be joint tortfeasors , the Defendants' duty to contribute is subject to the limitations set forth in New Jersey Tort Claims Act, N.J.S.A. 59:9-2 and 59:9-3, and only to the extent authorized by N.J.S.A. 59:9-2, 59:9-4, 59:9-3 and 59:9-3.1.

25. The arrests by the Defendants was a just one, and probable cause existed to initiate the arrests.

26. Answering Defendants assert that plaintiff s alleged injuries, damages or losses are the result of independent intervening persons and/or agencies or instrumental ities over which the Defendants had no control and/or duty to control.

27. Answering Defendants acted upon reasonable grounds and without malice and is therefore not answerable to the plaintiffs for damages or losses.

28. Answering Defendants acted under reasonable and probably cause under the then-existing circumstances.

29. Answering Defendants performed each and every duty owed to plaintiffs. If the Defendant are found to have breached any obligation or duty owed to plaintiffs, which breach is specifically denied, such breach was not the proximate cause of any injury or loss which plaintiff may have sustained .

30. Plaintiffs' contributory negligence was the sole and/or proximate cause of any alleged injuries suffered by the plaintiffs.

31. Answering Defendants acted reasonably and in good faith based upon the information available to them at the time of the incident.

32. Plaintiffs are barred by the doctrine of equitable/legal estoppel.

33. Plaintiffs' Complaint is barred by the doctrine of unclean hands.

34. The incident described in the Complaint was caused partly by the negligence or intentional acts of the plaintiffs, and plaintiffs are barred from recovery, or their recovery is reduced thereby.

35. Any action taken on part of the answering Defendants was in the nature of a discretionary activity within the meaning of N.J.S. A. 59:3-2 and N.J.S.A. 10:6-1, et seq. and, 42 U.S.C.A. 1983 and, accordingly, no liability may be imposed upon the answering Defendants.

36. In the event that it is found that the acts of the agents, servant or employees of the Defendant(s), Woodlynne Borough Police Department, were performed with malice and based upon unreasonable grounds , said acts are outside the scope of authorization from said Defendants, and is outside the scope of employment. As such, answering Defendants, Woodlynne Borough Police Department is not answerable to the plaintiffs for damages, as liability would not attach to said Defendant.

37. Plaintiffs' Complaint is barred in whole or in part due to the absolute and/or qualified immunity afforded to the answering Defendants .

## JURY DEMAND

The Defendant in the above matter, does hereby demand a trial of all issues of this cause by jury.

MADDEN & MADDEN, P.A.

s/ Timothy R. Bieg
_____
TIMOTHY R. BIEG, ESQUIRE

Dated:   June 22, 2023

## DESIGNATION OF TRIAL COUNSEL

TIMOTHY R. BIEG, ESQUIRE of Madden & Madden, P.A., is hereby designated as trial counsel in the within matter.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I, TIMOTHY R. BIEG, ESQUIRE, counsel for Defendant, Collingswood Public Schools, does hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MADDEN & MADDEN, P.A.

s/ Timothy R. Bieg
_____
TIMOTHY R. BIEG, ESQUIRE

Dated: June 22, 2023