IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLENE M. GARLIC<br><br>Plaintiff,<br><br>v.<br><br>MONROE TOWNSHIP POLICE DEPARTMENT, ET ALS.<br><br>Defendants | Civil Action<br><br>NO.:  1:23-cv-02765 CPO-EAP<br><br>AMENDED ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, CROSSCLAIMS, ANSWER TO CROSSCLAIMS, JURY DEMAND AND TRIAL CERTIFICATIONS |

Defendants, ACENDA, Inc. d/b/a Acenda Integrated Health incorrectly designated as Acenda Mental Health; James Reed; Loretta Ferrell and Sandra Hackley by and through their counsel, Connor, Weber & Oberlies, hereby Answers Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT AND SUPPORTING DOCUMENTS

Responding defendants, ACENDA, Inc. d/b/a Acenda Integrated Health incorrectly designated as Acenda Mental Health (hereinafter "ACENDA"), James Reed, Loretta Ferrell and Sandra Hackley  hereby deny each and every allegation contained in plaintiff's Complaint to the extent same are determined to be directed at said defendants.  All allegations directed at parties other than responding defendants are denied as said defendants are without sufficient knowledge or information to form a belief as to the veracity of said allegations.

### COUNT ONE
**Defamation of Character**

All allegations under Count One directed at responding defendant are generally and specifically denied.  Said allegations are further denied as conclusions of law to which no response is required.

## COUNT TWO
### Violation of Civil Rights

All allegations under Count Two directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT THREE
### Violation of Civil Rights

All allegations under Count Three directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT FOUR
### Violation of Civil Rights

All allegations under Count Four directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT FIVE
### Violation of Civil Rights

All allegations under Count Five directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT SIX
### Violation of Civil Rights

All allegations under Count Six directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT SEVEN
### Violation of Civil Rights

All allegations under Count Seven directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT EIGHT
### Violation of Civil Rights

All allegations under Count Eight directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT NINE
### Violation of Civil Rights

All allegations under Count Nine directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT TEN
### Violation of Civil Rights

All allegations under Count Ten directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT ELEVEN
### Violation of Civil Rights

All allegations under Count Eleven directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT TWELVE
### Violation of Civil Rights

All allegations under Count Twelve directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT THIRTEEN
### Violation of Civil Rights

All allegations under Count Thirteen directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT FOURTEEN
### Violation of Civil Rights

All allegations under Count Fourteen directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## COUNT FIFTEEN
### Violation of Civil Rights

All allegations under Count Fifteen directed at responding defendant are generally and specifically denied. Said allegations are further denied as conclusions of law to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which this Court may grant relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff had no cause of action against Answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if proven, were caused by persons or parties over whom Answering Defendants lack any right of control, supervision or direction and were caused in no way by any act, conduct, error and/or omission of Answering Defendants or any of her agents, servants, workmen and/or employees.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to a lack of foreseeability and/or proximate causation.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's allegations against Answering Defendants are based in whole or in part upon information from other persons.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted are barred or otherwise diminished by the negligence of Plaintiff pursuant to the provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.2.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are free from any and all negligence.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendants do not owe, nor breach, any duty to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Complaint herein fails to set forth a cause of action against Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed to the extent this court lacks subject matter jurisdiction over Defendants and/or because there is no actual controversy between Answering Defendants and Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were caused or contributed to in whole or part by the negligence, carelessness, recklessness or other liability producing conduct of persons, parties and/or entities other than Answering Defendants, over whom Answering Defendants had no control, right of control or responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged losses and damages were directly and proximately caused by superseding and intervening acts and conduct of others, thereby precluding Plaintiff from any recovery from Answering Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendants must be diminished, reduced, offset or barred in accordance with the terms or any and all releases executed by Plaintiff arising out of Plaintiff's losses or damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Venue in this matter is improper, and said Defendants reserve their right to move or change venue.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants raises any and all defenses available under applicable statutory or common law of the State whose substantive law controls this action relating to limitations of awards, caps on recovery, and setoffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants raises all defenses available under the economic loss doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendants assert the applicable provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2 as to the immunities available to the public entity and/or public employees.

## NINETEENTH AFFIRMATIVE DEFENSE

Responding Defendants specifically reserves the right to raise all defenses afforded to it under applicable New Jersey Law, including but not limited to all defenses under the Charitable Immunity doctrine (N.J.S.A. 2A:53A-7 et. seq.)., statute(s) and related applicable case law.

## TWENTITH AFFIRMATIVE DEFENSE

Plaintiff's Complaint was defectively served as to Answering Defendants, and should accordingly be dismissed as to Answering Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks any standing to bring this claim against Answering Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to plead a cause of action for general or special damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendants raise the defense of failure to join necessary and/or indispensable parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the entire controversy doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of Accord and Satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to the application of the doctrine of Estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to the application of the doctrine of *Res Judicata*.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to the application of the Doctrine of Waiver.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred due to the failure to obtain personal jurisdiction over Answering Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for Plaintiff's failure to provide an Affidavit of Merit as required by N.J.S.A. 2A:53A-29.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Responding defendants are immune from the cause of action raised by plaintiff

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendants hereby give notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant ACENDA Inc. d/b/a Acenda Integrated Health incorrectly designated as Acenda Mental Health; James Reed, Loretta Ferrell and Sandra Hackley request judgment in their favor and against Plaintiff together with attorney fees, costs and other such relief as this Honorable Court shall deem just and appropriate.

## CROSSCLAIM FOR CONTRIBUTION

Without admitting any liability herein, Answering Defendants hereby claim and demand contribution against co-dDefendants, who are or may be liable to Answering Defendants for all or some of the claims asserted by the Plaintiffs under the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et. seq. and/or other appropriate and applicable laws.

## CROSSCLAIM FOR INDEMNIFICATION

Without admitting any liability herein, Answering Defendants, ACENDA Inc. d/b/a Acenda Integrated Health incorrectly designated as Acenda Mental Health; James Reed; Loretta Ferrell and Sandra Hackley, hereby claim and demand complete indemnification, including counsel fees and costs, against all co-defendants who are or may be liable to Answering Defendants for all or some of the claims asserted by the Plaintiff.

**WHEREFORE**, Defendants, ACENDA Inc. d/b/a Acenda Integrated Health incorrectly designated as Acenda Mental Health; James Reed; Loretta Ferrell and Sandra Hackley requests judgment in their favor and against Plaintiffs together with attorney fees, costs and other such relief as this Honorable Court shall deem just and appropriate.

## ANSWER TO CROSSCLAIMS

The Defendants, ACENDA Inc. d/b/a Acenda Integrated Health incorrectly designated as Acenda Mental Health; James Reed; Loretta Ferrell and Sandra Hackley, by way of an Answer to all Crossclaims asserted against, or which shall hereinafter be asserted against them, deny each

and every allegation contained therein. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at Trial.

### NOTICE TO ALLOCATE

Pursuant to the provisions of Rule 4:47-5(c) and the case of Young v. Latta 123 N.J. 584 (1991), you are advised and placed on notice that if any co-defendant should settle his or her suit with the plaintiff prior to or during trial, this defendant will seek an allocation of the percentage of the negligence of all parties, including the settling defendant, by the finder of fact, regardless of whether there is a formally filed cross-claim in the matter against such settling defendant. This defendant will rely for the liability regarding any such defendant on the examination and cross-examination of plaintiff's expert witnesses, co-defendant's expert witnesses, all parties and their fact witnesses at the time of trial in support of such claim for allocation.

### DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE**, that Answering Defendants demand a Trial by jury.

### DEMAND FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE**, Defendants demands that Plaintiff, serve a statement of damages claimed within five days.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure the Court is hereby advised that Michael S. Mikulski II, Esquire, is hereby designated as Trial counsel for Answering Defendants.

## CERTIFICATION

I, Michael S. Mikulski II, counsel for Answering Defendants, do hereby certify and say that to the best of my knowledge the above matter in controversy is not the subject of any other action pending in any Court or Arbitration proceeding. I further certify and say that the foregoing statements are true to the best of my knowledge, information and belief and that I am aware that if any of the foregoing statements are willfully false I am subject to punishment.

**CONNOR, WEBER & OBERLIES**

Dated: 7/14/23

BY: _Michael S. Mikulski II /s/_
Michael S. Mikulski II, Esquire
Counsel for Defendants, ACENDA Inc. d/b/a Acenda Integrated Health incorrectly designated as Acenda Mental Health; James Reed; Loretta Ferrell and Sandra Hackley