UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLENE M. GARLIC,

    Plaintiff,

v.

MONROE TOWNSHIP POLICE
DEPARTMENT, *et al.*,

    Defendants.

No. 1:23-cv-02765

ORDER

**O'HEARN, District Judge.**

    **WHEREAS,** this matter comes before the Court on Plaintiff Charlene M. Garlic's Motion for Default Judgment as to Defendants Senator John Madden, Daniel Garlic, and Melissa Strayhan (collectively, "Defendants") (ECF No. 28); and

    **WHEREAS,** to obtain a judgment by default pursuant to Federal Rule of Civil Procedure 55, a party must first seek the entry of default from the Clerk of Court, *e.g.*, *Lancaster v. N.J. Transit Corp.*, No. 20-1995, 2021 WL 4473114, at *6 (D.N.J. Sept. 30, 2021) ("[E]ntry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court." (quotations and citation omitted)); *see also* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."); but

    **WHEREAS,** the Clerk of the Court has not entered default as to any of the Defendants against whom Plaintiff seeks judgment; and

    **WHEREAS,** Plaintiff has thus failed to follow Rule 55's two-part process; and

    **WHEREAS,** it is also unclear that service has been properly effectuated as the proofs of

service filed by Plaintiff do not reflect personal service upon any of the Defendants; and

**WHEREAS,** Federal Rule of Civil Procedure 4(e)(1) allows service to be effectuated by "following state law for serving a summons in . . . the state where the district court is located or where service is made"; and

**WHEREAS,** under New Jersey law, substituted or constructive service by mail upon an individual is only permitted "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made," N.J.S.A. 4:4-4(b)(1); and

**WHEREAS,** Plaintiff has failed to execute an affidavit specifying her diligent effort and inquiry to effectuate personal service upon Defendants; and

**WHEREAS,** substituted or constructive service by mail must be sent "by registered or certified mail . . . and, simultaneously, by ordinary mail" N.J.S.A. 4:4-4(b)(1)(C); and

**WHEREAS,** Plaintiff also failed to effectuate service by ordinary mail; therefore

**IT IS** on this  12th  day of  October , 2023,

**ORDERED** that Plaintiff's Motion for Default Judgement, (ECF No. 28), is **DENIED** without prejudice.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**